```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**AUSTIN HASKINS,**

                      **Plaintiff,**

      v.                                  **CASE NO. 05-3428-SAC**

**CORRECTIONS CORPORATION OF AMERICA, et al.,**

                      **Defendants.**

**O R D E R**

Before the court is a pro se form complaint submitted under 42 U.S.C. 1983 by a prisoner in the custody of the United States Marshal Service and confined in a Leavenworth, Kansas, facility operated by the Corrections Corporation of America (CCA). Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

A prisoner seeking to bring a civil action without prepayment of the district court filing fee is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress, 28 U.S.C. 1915(a)(1), and to submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated, 28 U.S.C. 1915(a)(2). Because plaintiff's motion for leave to proceed in forma pauperis includes no certified financial records, the court directs plaintiff to supplement the motion with this necessary information. The

failure to do so in a timely manner may result in the dismissal of this action based on plaintiff's failure to pay the $250.00 district court filing fee, and failure to comply with the statutory requirements for seeking leave to proceed without prepayment of the fee pursuant to 28 U.S.C. 1915.

Additionally, the court finds supplementation of the complaint is required to avoid dismissal of the complaint without prejudice, pursuant to 42 U.S.C. 1997e(a).

Plaintiff cites a broken wrist that was twice surgically repaired while plaintiff was a state prisoner in Nebraska, and seeks damages for the alleged deliberate indifference by CCA and two CCA defendants to plaintiff's serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 104 (1976)(prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs).

A constitutionally cognizable claim under 42 U.S.C. 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, where plaintiff is confined in CCA as a prisoner in the custody of the United States Marshal Service, plaintiff's confinement involves no defendant operating "under color of *state* law." Accordingly, the court liberally construes the complaint as filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), which authorizes citizens to sue *federal* officials for monetary damages in

relation to constitutional deprivation.  *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(pro se pleadings are to be liberally construed); Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999)(same).

The Prison Litigation Reform Act (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. 1997e(a).  *See also*, Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). Plaintiff bears the burden of showing full exhaustion of administrative remedies by attaching copies of the administrative proceedings or by describing their specific disposition.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210-11 (10th Cir. 2003), *cert. denied*, 125 S.Ct. 344 (2004).

In the present case, plaintiff marks on his form complaint that he has *not* exhausted administrative remedies.  Also, in the supplement to his complaint, plaintiff only provides copies of responses by CCA Nurse Warder to two informal requests, but plaintiff identifies no attempt to pursue further relief through the administrative grievance procedure.  This is insufficient to satisfy  the requirement imposed by 42 U.S.C. 1997e(a).  Id. Absent supplementation of the complaint to demonstrate plaintiff's full exhaustion of administrative remedies, the court

finds the complaint is subject to being dismissed without prejudice.

IT IS THEREFORE ORDERED that the form complaint filed under 42 U.S.C. 1983 is liberally construed by the court as filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to supplement the record to include the certified financial records required by 28 U.S.C. 1915(a)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 18th day of November 2005 at Topeka, Kansas.


　　　　　　　　　　　　　　　　　 s/ Sam A. Crow　　　　　
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge