IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


AUSTIN HASKINS,

                      Plaintiff,

      v.                                  CASE NO. 05-3428-SAC

CORRECTIONS CORPORATION OF AMERICA, et al.,

                      Defendants.


**O R D E R**

Plaintiff proceeds pro se on a form complaint liberally construed by the court as filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff initiated this action while confined in a correctional facility in Kansas, operated by the Corrections Corporation of America (CCA). The record reflects that plaintiff is currently confined in a correctional facility in Wisconsin.

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915, without prepayment of the district court filing fee. Because plaintiff is a prisoner, he must pay the full $250.00 filing fee in this civil action.[1]  See 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments

---

[1] Plaintiff filed his complaint prior to the district court filing fee being increased from $250.00 to $350.00.

from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. The financial records provided by plaintiff certify that the greater average in plaintiff's account during that relevant period was $307.31. The court thus assesses an initial partial filing fee of $61.00, twenty percent of that greater average, rounded to the lower half dollar.

Also, because plaintiff is a prisoner, the court has reviewed plaintiff's allegations and finds the complaint is subject to being summarily dismissed as stating no claim for relief.

Plaintiff complains that when he arrived at the CCA facility, CCA medical staff substituted ineffective non-narcotic pain medicine for narcotic medication prescribed the previous year following surgical repair of plaintiff's broken wrist. Plaintiff further complains he was not provided a timely or appropriate examination by a physician and/or orthopedic surgeon. Plaintiff cites continuing pain from complications arising from that surgery, and seeks damages for needless suffering and mental anguish caused by the change in his medication. The four defendants named in the complaint are CCA, the CCA Warden, and a CCA doctor and nurse.

The court first notes that plaintiff's claim for damages against CCA is defeated by the Supreme Court's holding in <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001), which found there was no implied private right of action for damages

2

against private entities engaged in alleged constitutional violations while acting under color of federal law.

As to the remaining CCA employee defendants, plaintiff may proceed under <u>Bivens</u> to seek relief for alleged violations of his constitutional rights. "The first inquiry in every Section 1983 [or Bivens] case is whether there has been the deprivation of right secured by the Constitution or the laws of the United States." <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979).

Prison officials violate a prisoner's clearly established Eighth Amendment rights if they act with deliberate indifference to the prisoner's serious medical needs by knowingly disregarding an excessive risk to inmate health or safety. <u>Garrett v. Stratman</u>, 254 F.3d 946 (10th Cir. 2001). *See* <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)(stating two prong standard for Eighth Amendment violation, requiring objective showing of serious medical need and subjective showing of deliberate indifference by defendants). The court finds plaintiff's allegations are insufficient in this case to state any cognizable claim under this constitutional standard.

Plaintiff's disagreement with the treatment provided by CCA medical staff does not in itself rise to the level of deliberate indifference necessary to violate the Eighth Amendment. *See* <u>Perkins v. Kansas Dept. of Corrections</u>, 165 F.3d 803, 811 (10th Cir. 1999). Also, any inadvertent or negligent failure to provide medical care, however serious the consequences, does not rise to "deliberate indifference to serious medical needs" and is not a constitutional violation. <u>Kikumura v. Osagie</u>, 461 F.3d 1269, 1291 (10th Cir. 2006); <u>Smith v. Cummings</u>, 445 F.3d 1254, 1258 (10th Cir. 2006).

Additionally, plaintiff's claims against defendant CCA

employees present no recognized cause of action under <u>Bivens</u> if an alternative state action for negligence was available to plaintiff. *See* <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1101 (10th Cir. 2005)(no right of action for damages under <u>Bivens</u> against employees of private prison for alleged constitutional deprivations when alternative state causes of action for damages are available to plaintiff).

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief under <u>Bivens</u>. *See* 42 U.S.C. § 1997e(c) (court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted).[2] If the complaint is not dismissed without prejudice for lack of prosecution by plaintiff's failure to pay the initial partial filing fee assessed by the court in this order, then plaintiff is advised that the failure to file a timely response to this show cause order may result in the complaint being dismissed as stating no claim for relief, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $61.00. Any objection

---

[2]Plaintiff is advised that dismissal of the complaint as failing to state a claim for relief will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

to this order must be filed on or before the date payment is due. The failure to pay the fee required herein may result in the dismissal of this action without prejudice for lack of prosecution.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 15th day of October 2008 at Topeka, Kansas.

> s/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge

5